IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01899-BNB
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

BERNARD KENNETH RIVERS, JR.-EL, and
TRACI DAWN HAMILTON-RIVERS,

Plaintiffs,

v.

STATE OF COLORADO, and
CITY OF GREELEY,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiffs, Bernard Kenneth Rivers, Jr.-El, and Traci Dawn Hamilton-Rivers, reside in Greeley, Colorado. They initiated the instant purported class action by filing *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 4, 241, 241, 1001, 1204, 1513, and 3771 that is not on the Court-approved form and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) completed and filed only by Mr. Rivers. Mrs. Rivers has failed to complete and file a § 1915 motion and affidavit. Plaintiffs seek money damages as well as declaratory and injunctive relief.

The Court must construe Plaintiffs' Complaint liberally because they are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court will not direct Plaintiffs to cure the deficiencies in this action because, for the reasons stated below, the Complaint will be dismissed.

Plaintiffs' ninety-three page Complaint, including attachments, is unnecessarily verbose, rambling, repetitive, vague, and conclusory. Plaintiffs request that "an impartial court review and vacate a void order from City of Greeley Municipal Court." ECF No. 1 at 1. Plaintiffs cite to various state court case numbers, Nos. 13-cv-152, 13-cv-65, 13-T-4848, 13-cv-60, CR-2014-00707321, but fail to clarify which of these state actions they are challenging. They attach a document in *City of Greeley v. Bernard Rivers*, No. CR 2014-0070320, asserting that the original charges against Mr. Rivers occurred on January 6, 2014, in the County of Weld in the City of Greeley alleging a safety belt violation regarding the passenger of the vehicle in violation of the Greeley Municipal Code. ECF No. 1 at 59.

Plaintiffs clearly want this Court to reverse state court proceedings, which they contend violated their rights to equal protection and due process.

To the extent Plaintiffs ask this Court to review and reverse the state court decisions, the Court may not do so. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prohibits "a party losing in state

court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield*, 389 F.3d at 1147-48. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148 (internal quotation marks omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).

If no final judgment had been entered in the state court actions, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

To the extent Plaintiffs ask this Court to compel the state courts to vacate their orders, they are seeking relief in the nature of mandamus. Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The common-law writ of mandamus, as codified

in § 1361, is intended to provide a remedy for a plaintiff only if he or she has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Plaintiffs have not presented the Court with an extraordinary situation mandating mandamus relief. They have no clear right to the relief sought, the named Defendants do not owe them a clear nondiscretionary duty, and they do not allege that no other adequate remedy is available.

Plaintiffs lack standing to assert violations of criminal law. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991)

("Private citizens generally have no standing to institute federal criminal proceedings."). Plaintiffs lack standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

Finally, Plaintiffs are suing improper parties. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, Plaintiffs may not sue the State of Colorado.

Local governments, such as the City of Greeley, can be liable under 42 U.S.C. § 1983 "only for their *own* illegal acts." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation marks and citations omitted) (emphasis in original). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Therefore, municipalities, such as the City of Greeley, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782

(10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiffs cannot state a claim for relief against the City of Greeley under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. They fail to cite clearly to any policy that caused them injury. Since they have not named a defendant who has committed a constitutional violation, they cannot not provide the nexus required for municipal liability under § 1983 to attach. *See Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104-05 (10th Cir. 2009) (observing that municipal "liability will not attach where there was no underlying constitutional violation by any of the municipality's officers" (brackets and internal quotation marks omitted)). The municipal liability claim fails.

The Complaint and the action will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine or, if applicable *Younger* abstention.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine

or, if applicable, *Younger* abstention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 11th day of July, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court